## SUPREME COURT.

### FIELD AND STONE agt. MORSE

Allegations of fraud in making a contract, inserted in a complaint upon the contract, with a view of obtaining final process against the person of the defendant, are redundant and irrelevant and may be stricken out on motion.

The decision in Cheney agt. Garbutt, (5 *How. Pr. R.* 467), approved, it having been recognized and approved by the Court of Appeals.

A complaint may be amended by striking out such allegations, leaving the simple action upon the contract, without the ingredient of fraud. Such amendment is not a substitution of a new cause of action.

Where an action was commenced by summons without serving the complaint and the defendant suffered judgment to be taken by default without demanding or receiving a copy of the complaint, and the judgment was afterwards set aside with leave to defendant to answer within twenty days after service of a copy of the complaint. *Held*, that plaintiff might serve an *amended* complaint without first serving the original.

*Monroe Special Term, January* 1853. *Motion to set aside amended complaint.* The action was commenced by the service of a summons only, in November 1851. The summons contained a notice pursuant to first subdivision of § 129 of the Code; and afterwards the plaintiff filed a complaint setting forth a demand arising on contract, charging therein that the debt was fraudulently contracted, and setting out the acts constituting such fraud. No answer being put in, the plaintiff perfected judgment in December 1851, which judgment was set aside on motion made at the special term, in Monroe county in April 1852 (see the report of this case on the motion to set aside the judgment, 7 *How Pr. R.* 12).

The order setting aside the judgment was not entered until December 13th 1852. It directed that the judgment be set aside, and that defendant have the usual time to answer, after being served with a copy of the complaint, and that plaintiffs be at liberty to amend their summons. The plaintiffs' attorneys on the 15th December 1852, served an amended complaint, simply claiming that the defendant was indebted to plaintiffs in the sum of $333·41, for goods sold and delivered·, and demanding judgment for that amount with interest, &c., omitting the allegations

of fraud contained in the original complaint. The original and amended complaints were substantially alike, with the exception of the allegations of fraud in contracting the debt, contained in the original.

The motion here is, on the ground that the amended complaint is a substitution of a new cause of action, and not an amendment of the original complaint.

F. L. DURAND, *for Defendant.*

M. S. NEWTON, *for Plaintiffs.*

WELLES, Justice.—Section 172 of the Code provides tha' "any pleading may be once amended by the party of course, without costs and without prejudice to the proceedings already had, at any time before the period for answering it expires, or it can be so amended at any time within twenty days after the service of the answer or demurrer to such pleading," &c.

By the rule setting aside the judgment, the defendant was allowed the usual time to answer after being served with a copy of the complaint. If the plaintiffs had served a copy of the original complaint, instead of the amended one, and then, before the lapse of twenty days from such service, had served the amended complaint, he would have been literally within the provision, as far as respects the time of amending, of the section of the Code just referred to. I incline to think a liberal interpretation of the section would dispense with such formality, and that the plaintiff was at liberty to amend at once. He served the amended complaint within twenty days after the order was entered by which the defendant was let in to answer or defend at all, and, I think he was regular in so doing, provided the amendment was such as the section contemplates.

It is not allowable to a party under the privilege given to amend of course, to substitute a new and different cause of action or defence, in the amended pleading; but he may change the manner of stating the same, may leave out redundant or irrelevant matter, or add facts in support of the cause of action or defence, stated in the original pleading. The amended complaint in this case comes within these rules. The allegations and statements in the original complaint tending to show that the debt was

fraudulently contracted, constituted no part of the cause of action. They were introduced, not to affect the judgment, but the remedy or execution upon it, after it should be obtained. The doctrine of the case of Cheney agt. Garbutt (5 *How. Pr. R.* 467), has been since the decision of that case, distinctly recognized and approved in the Court of Appeals; and it follows that all the statements in the original, and not contained in the amended complaint, were redundant or irrelevant matter, and would have been stricken out on motion. It was proper, therefore, that the complaint should be amended.

I feel bound to deny the motion; but as there was color for making it, I shall do so without costs. There have been conflicting decisions on the question of the propriety or necessity of inserting such allegations in the complaint, and the decision of the Court of Appeals referred to, has not yet been regularly reported.